LAND, J.
 

 Mrs. Amelle Vidrine, one of the plaintiffs, is the surviving widow in community of L. Marius Coreil, who died intestate in the parish of Evangeline in the year 1912, and left three sons, the issue of his marriage, namely, H. Kossuth Coreil, J. Maurice Coreil, and Armand Coreil, the other plaintiff in this case.
 

 H. Kossuth Coreil, in the year 1915, sold all of his interest in his father’s succession to his mother, and died in the parish of Evangeline after his father.
 

 On February 4, 1926, J. Maurice Coreil specially mortgaged by public act his right, title, and interest in and to the immovables of his father’s succession to secure a loan of $5,000 from the defendant Evangeline Bank & Trust Company.
 

 On April 27, 1928, the two plaintiffs and J. Maurice Coreil made a conventional partition by public act of the property belonging to the estate of L. Marius Coreil.
 

 On May 26, 1928, defendant bank instituted foreclosure proceedings under its mortgage and caused the property to be advertised for sale.
 

 In the present proceeding plaintiffs, Mrs. Amelie Coreil and Armand Coreil, seek to have the mortgage of defendant bank canceled and erased from the public records of Evangeline parish and the proposed sale of the property under executory process recalled.
 

 Judgment was rendered in the lou or court in favor of defendant bank, rejecting plain
 
 *1010
 
 tiffs’ demands and ordering the act of partition canceled and erased from the conveyance records of Evangeline parish in so far as it affects the property of J. Maurice Coreil, mortgaged by him to the bank.
 

 From this judgment plaintiffs have appealed.
 

 The theory upon which plaintiffs claim all of the immovables of the succession of L. Marius Coreil, by virtue of the act of partition, and seek the relief herein prayed for, is based upon the contention that J. Maurice Coreil was indebted to the succession of his father in the sum of $21,465.13, while his net share was only $10,389.77, thus leaving him indebted unto the succession for the sum of $11,075.36 over and above his share.
 

 Plaintiffs assert, therefore, that J. Maurice Coreil took nothing by the partition, and, as a consequence thereof, was merely relieved of his indebtedness to the succession by the amount of his share.
 

 Under this theory, J. Maurice Coreil is left out of the act of partition, which awards the entire estate by lots .to the two plaintiffs herein as sole owners.
 

 The right of plaintiffs to demand collation of J. Maurice Coreil to the succession of his father in casting the accounts of the partition is attacked by defendant bank. But we do not find it necessary to pass upon this question. The bank has specially pleaded thát plaintiffs are estopped from demanding such collation to its prejudice, and its rights under the special mortgage sought to be canceled, and we are of the opinion that the plea of estoppel tendered is good and should be sustained.
 

 The record shows that at no time prior to the act of partition was it claimed by plaintiffs, or by J. Maurice Coreil, that he was indelited in any amount to the succession of his father.
 

 In a proceeding brought by the tax collector of Evangeline parish against the surviving widow and heirs of L. Marius Coreil, to collect an inheritance tax, it was denied by Armand Coreil and J. Maurice Coreil under oath that any indebtedness was due to the succession by any of the heirs except by II. Kossuth Coreil.
 

 The plaintiff Mrs. Amelie Coreil likewise called as a witness in these proceedings, failed to disclose or set up any such indebtedness by J. Maurice Coreil to the estate.
 

 No such indebtedness appears in the inventory which Mrs. Amelie Coreil caused to be taken for the purpose of fixing the inheritance taxes due, if any, by the heirs of her deceased husband. This inventory was witnessed by Armand Coreil and J. Maurice Coreil.
 

 Armand Coreil was administrator of the estate of his deceased brother, H. Kossuth Coreil. At no time did he disclose to the court the existence of any indebtedness by his brother, J. Maurice Coreil, to the estate of L. Marius Coreil, as an asset of his brother’s estate.
 

 Nor is any such indebtedness mentioned or listed by J. Maurice Coreil in the respite proceedings filed by him in the district court of Evangeline parish, or in the voluntary bankrupt proceedings thereafter instituted by him in the United States District Court for the Western District of Louisiana, or in the statement made by him to defendant bank when he applied for the loan of $5,000 at issue in this case.
 

 These proceedings are public records, and by them defendant bank was led to believe that J. Maurice Coreil was under no obliga
 
 *1012
 
 tion to collate to the estate of his father, L. Marius Coreil, and that no obligation existed against him in favor of plaintiffs.
 

 The plaintiffs are clearly estopped by their public acts, proceedings, and declarations from asserting against defendant bank any claim for collation of any indebtedness by J. Maurice Coreil to the succession of his father.
 

 The plea of estoppel was properly sustained by the court below.
 

 Judgment affirmed.